UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:13-CV-13 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| IHSAAN AL-AMIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Before the Court is a renewed motion for partial summary judgment by Plaintiff United States of America.[1] (Doc. 42.) *Pro se* Defendant Ihsaan Al-Amin did not file a response. The United States has, however, previously filed a letter it received from Defendant, written after the original motion for summary judgment was filed, which indicates Defendant does not contest the relief sought against him in this action.[2] (Doc. 39-1.)

The United States's motion seeks a ruling on Defendant's liability for civil penalties under 21 U.S.C. § 842(a)(5) and asks the Court to set a hearing on the appropriate amount of penalties to be assessed. The motion is now ripe. For the reasons set out below, the motion is **GRANTED IN PART**.

---

[1] The United States's original motion for partial summary judgment was denied in part without prejudice. (Doc. 41.)

[2] Defendant stated, in part, as follows: "I plead no contest to all aspects of the civil charges. I will accept the fine which the authorities give me. I do not want to go to trial. Under my current circumstances I am unable to prepare for a day in court." (Doc. 39-1.) Defendant is currently serving a term of imprisonment for selling, distributing, or dispensing a controlled substance in violation of 21 U.S.C. § 841(a) and for tax evasion in violation of 26 U.S.C. § 7201.

# I.    BACKGROUND

The United States Drug Enforcement Agency (the "DEA") tracks the distribution of certain controlled substances.  (Doc. 42-1 ¶ 4.)  A person authorized to handle such substances receives a registration number and a specific three-part order form, entitled "U.S. Official Order Forms – Schedules  I & II" (a "DEA Form 222").  (*Id.* ¶¶ 3, 5.)  Each DEA Form 222 bears a unique nine-digit identifying number and pre-printed information identifying the registered purchaser by name, address, and DEA registration number.  (*Id.* ¶ 5.)  When an order is placed, Copy 1 of the form goes to the supplier, Copy 2 goes to the DEA, and Copy 3 remains with the purchaser.  (*Id.*)

Defendant, a medical doctor formerly licensed in the state of Tennessee, owned and operated the O'Neil Medical Clinic at 4719 Brainerd Road, Suite C, Chattanooga, Tennessee.  (*Id.* ¶ 3.)  Until May 4, 2015, Defendant held DEA registration number BA2390095.  (*Id.*)

As relevant to this lawsuit, Defendant ordered controlled substances on ten occasions between January 2008 and February 2010, using DEA Forms 222 numbered 074247675, 074264393, 074264389, 074264380, 083126976, 084347730, 084347735, 084347734, 084347737, and 084347739 (the "Order Forms").[3]  (Doc. 36-1; Doc. 42-1 ¶¶ 6–11.)  Each Order Form indicates at the bottom that it is "Purchaser's Copy 3" of an original triplicate DEA Form 222.  The Order Forms bear Defendant's name as the registered purchaser, the address of the O'Neil Medical Clinic, and a redacted DEA registration number ending in 95, which is consistent with Defendant's former DEA registration number.   The Order Forms are also

---

[3] DEA Diversion Investigator David F. Graham, after obtaining an administrative inspection warrant, obtained the originals of the Order Forms from the Internal Revenue Service-CID office in Chattanooga, which had seized the Order Forms and other records from Defendant pursuant to a search warrant.  (Doc. 42-1 ¶¶ 6-8.)

completed by hand with the names and dosages of the various controlled substances ordered, including Roxicodone, Methadone, and Oxycodone; the number and sizes of packages ordered; the name and address of the desired supplier; and the date of the order.[4]

Each of the controlled substance orders described in one of the Order Forms was filled. (Doc. 42-1 ¶¶ 4, 10–11.)  Despite this, the sections of each Order Form for the number of packages of controlled substances received and the date of receipt are blank.  (Doc. 36-1.)  The sections for the national drug code number for each controlled substance ordered are also blank.


## II.    STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003).  The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial."  *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).  Indeed, a "[plaintiff]

---

[4] Each of the forms appears to have borne a small sticky note in the lower right-hand corner on which two numbers and the letters "MKA" were written.  The United States believes these notes were added during its investigation of Defendant, rather than by Defendant himself.  (Doc. 42 at 3 n. 2.)

is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

A court "cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Sough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998) (alteration in original) (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). Moreover, the Federal Rules of Civil Procedure "require that the party filing a motion for summary judgment 'always bears the burden of demonstrating the absence of a genuine issue as to a material fact.'" *Sough*, 138 F.3d at 614 (quoting *Carver*, 946 F.2d at 454).

4

## III.   **DISCUSSION**

It is unlawful for any person "to refuse or negligently fail to make, keep, or furnish any record, report, notification, declaration, order or order form, statement, invoice, or information required under" subchapter I or II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*[5] 21 U.S.C. § 842(a)(5).  The civil penalty for a violation of 21 U.S.C. § 842(a)(5) is not to exceed $10,000.00.  21 U.S.C. § 842(c)(1)(B).

Subchapter I of the Controlled Substances Act requires a person placing an order for a Schedule I or II controlled substance to submit a written order on a form issued by the Attorney General and keep a duplicate copy of that form for two years.  21 U.S.C. § 828(a), (c)(2).  Either a DEA Form 222 or its electronic equivalent is required for purchase of a Schedule I or II controlled substance.  21 C.F.R. § 1305.03.  Each DEA Form 222 is serially numbered, comes pre-printed with the name, address, and registration number of the registered purchaser, and consists of "an original, duplicate, and triplicate copy (respectively Copy 1, Copy 2, and Copy 3)."  21 C.F.R. § 1305.11(a), (c), (d).

A purchaser must prepare a DEA Form 222 in triplicate using the carbon paper that comes with the forms.  21 C.F.R. § 1305.12(a).  A purchaser must write each item desired (namely the number of containers of a certain form and quantity of a controlled substance) on a numbered line, state the number of lines completed, fill in the name and address of the supplier, and sign and date the form.  *Id.* at (a)–(d).  A purchaser must submit Copy 1 and Copy 2 to the supplier.  21 C.F.R. § 1305.13(a).  The supplier must retain Copy 1 and forward Copy 2 to the

---

[5] The different unlawful acts enumerated in 21 U.S.C. § 842(a) have varying mental state requirements.  The majority contain no requirement as to mental state.  *See* 21 U.S.C. § 842(a)(1)–(4), (6)–(9), (14)–(16).  Others require knowing or reckless action.  *See id.* at (11)–(13).  And two, including the provision at issue here, assign a civil penalty for a negligent failure to act.  *See id.* at (5), (10).

DEA. *Id.* at (d). The purchaser must retain Copy 3 and record on it the number of containers ultimately received and the dates on which they were received. *Id.* at (a), (e). The purchaser must keep these forms available for inspection for two years. 21 C.F.R. § 1305.17(c).

The undisputed evidence establishes that Defendant failed to make a record required by Subchapter I of the Controlled Substances Act. Specifically, Defendant ordered and received controlled substances on ten occasions, but failed to record the number of containers he received and the dates on which they were received, as required by 21 C.F.R. § 1305.13(e).[6]

The Court must also consider, however, whether Defendant *refuse[d] or negligently fail[ed]* to make" the relevant records. 21 U.S.C. § 842(a)(5) (emphasis added). Before 1998, the failure to make or keep a record under 21 U.S.C. § 842(a)(5) was assessed under a strict-liability standard. *U.S. v. Grab Bag Distrib.*, 189 F. Supp. 2d 1072, 1080 (E.D. Cal. 2002). At that time, it was a civil violation to "refuse or fail to make, keep, or furnish any record . . . required under this subchapter . . . ." 21 U.S.C. § 842(a)(5) (1997). Effective October 21, 1998, the statute was amended to add the qualifier "negligently": "It shall be unlawful for any person . . . to refuse or negligently fail to make, keep, or furnish any record . . . required under this subchapter . . . ." 21 U.S.C. § 842(a)(5).

Only a few cases have been decided under the amended language of 21 U.S.C. § 842(a)(5) or the similar standard set out in 21 U.S.C. § 842(a)(10) ("negligently to fail . . ."). In two of these cases, a district court has found liability without explicit analysis of the negligence standard. *See United States v. Heim*, No. 5:13CV210, 2014 WL 245357, at *4 (N.D.

---

[6] The undisputed evidence also establishes that Defendant did not complete the national drug code sections of the Order Forms. Unlike the amounts and dates of receipt of controlled substances, however, national drug codes are not specifically required by a statute or regulation. It therefore does not appear that this failure can be, standing alone, the basis for a civil penalty under 21 U.S.C. § 842(a)(5).

Ohio Jan. 22, 2014); *United States v. Akhtar*, 95 F. Supp. 2d 668, 672 (S.D. Tex. 1999) ("[T]he evidence establishes that [defendant] violated 21 U.S.C. § 842(a)(10) . . . by failing to report to the DEA the four sales made by his representative . . .").[7]  In a third case, the Court of Appeals for the Second Circuit affirmed the trial court's finding that the defendants' multiple failures to report unusual pseudoephedrine sales, as required by 21 U.S.C. § 842(a)(1), were intentional, thereby more than satisfying the negligence standard.  *Advance Pharm., Inc. v. United States*, 391 F.3d 377, 394–95 (2d Cir. 2004).  In that case, the defendants had continued to make large, unreported shipments of pseudoephedrine after being warned by federal officials that the drugs they were shipping had gone to illegal methamphetamine labs.

None of these cases sheds light on what constitutes a negligent failure to record under the amended language of the statute.  It is clear, however, that with the addition of the word "negligently" to 21 U.S.C. § 842(a)(5), the penalty can no longer be assessed on a strict-liability basis.  *See Cafarelli v. Yancy*, 226 F.3d 492, 499 (6th Cir. 2000) (quoting *Lake Cumberland Trust, Inc. v. EPA*, 954 F.2d 1218, 1222 (6th Cir. 1992)) (a statute must be interpreted "as a whole, giving effect to each word . . . ").

The United States's renewed motion for partial summary judgment fails to address Defendant's mental state with respect to his recordkeeping violation.  Instead, it points to the undisputedly important purposes the reporting requirements serve.  (Doc. 42 at 4 ("[I]f the forms could be incomplete or intentionally inaccurate the reason for the requirements (the tracing and management of controlled substances by DEA) would be defeated."))  The United States further argues, incorrectly, that the distinction between strict liability and negligence is not relevant here,

---

[7] Although *Akhtar* quotes the amended version of the statute, the defendant's violations took place in 1997, before the effective date of the amendment. *Akhtar*, 95 F. Supp. 2d at 669.

relying on an opinion addressing a pre-amendment violation for the proposition that "an incomplete form is a violation." (Doc. 42 at 4 & n.3 (citing *United States v. Little*, 59 F. Supp. 2d 177, 187 (D. Mass. 1999).)

Neither does the United States's initial motion for partial summary judgment provide a basis for finding a negligent mental state as to Defendant's recordkeeping violations. The United States argues that Defendant's conviction for "knowingly and intentionally dispens[ing], and caus[ing] to be dispensed, quantities of Hydrocodone . . . outside the scope of professional practice and not for a legitimate medical purpose . . ." establish that his record-keeping violations should be punished civilly. (Doc. 36 at 7 (quoting Amended Plea Agreement, Doc. 8 in Case No. 1:13-CR-130) (alterations in original).) Defendant's conviction for illegally dispensing controlled substances certainly warrants the criminal penalty he has incurred. Whether it also warrants the enforcement of civil penalties for recordkeeping violations in *purchases* is a different question. The United States has not explained, for example, how Defendant's failing to write in the number of packages of drugs he received could have advanced his scheme to dispense those drugs illegally, especially when the forms he kept already stated the number of packages he had ordered. Defendant's recordkeeping violations presently appear neither to have led to nor impeded the investigation of his illegal distribution activities.

Neither the United States's renewed motion for partial summary judgment nor its initial motion for partial summary judgment has discharged the United States's initial burden of showing Defendant satisfied the mental state required by 21 U.S.C. § 842(a)(5). For this reason, the Court concludes that a finder of fact could reasonably find for Defendant as to the mental-state requirement.

8

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's renewed motion for partial summary judgment (Doc. 42) is **GRANTED IN PART** as to a finding that Defendant failed on ten occasions to make a record on the Order Forms of the number of containers of controlled substances he received and the dates on which they were received, and **DENIED IN PART** as to a finding that Defendant had the mental state required for liability for a civil penalty.  The issues remaining for trial are whether Defendant's recordkeeping failures satisfy the mental state requirement of 21 U.S.C. § 842(a)(5); and, if so, the amount of penalties the Court should assess.  The United States **SHALL** file a brief in support of its position on the appropriate amount of penalties on or before **March 2, 2016**.  In light of Defendant's intention not to contest this matter further (Doc. 39-1), the final pretrial conference currently scheduled for March 4, 2016 is **CANCELLED**.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**